IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
WHEELER FLEET SOLUTIONS,    )
CO., DBA Wheeler Bros.,     )
Inc.,                       )
                            )
     Plaintiff,             )
                            )    CIVIL ACTION NO.
     v.                     )      2:20cv534-MHT
                            )          (WO)
KIMBERLY J. BING, AKA Kim   )
Bing, and KJB DEVELOPMENT,  )
INC.,                       )
                            )
     Defendants.            )
```

ORDER

The allegations of the plaintiff's complaint are, at least arguably, insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must affirmatively show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must

be alleged in the complaint to establish diversity for a natural person."). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. ... And domicile requires both residence in a state and 'an intention to remain there indefinitely....'" *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257, 1258 (11th Cir. 2002)) (internal citation omitted).

In paragraph three, the complaint alleges the "residence" rather than the "citizenship" of defendant Kimberly Bing.  Complaint (Doc. 1) at 1.  While the complaint in paragraph one alleges that "each of the Defendants is either an individual citizen of Alabama or an Alabama corporation," *id.*, the allegation that Bing is a "resident" of Alabama leaves the reader somewhat unsure as to whether the pleader misunderstands citizenship to be the equivalent of mere residency.  Therefore, to ensure that its jurisdiction is clear, and out of an abundance of caution, the court

will require the plaintiff to replead the diversity allegations of the complaint to eliminate this uncertainty and make Bing's citizenship clear.

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until January 7, 2022 to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 20th day of December, 2021.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**